IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XZAVIOR LANCASTER, | § § § | |
| Plaintiff, | § § | |
| v. | § § § § | C.A. NO. _____ |
| TRICAN WELL SERVICE LP and, TRILIB MANAGEMENT, LLC. | § § § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Xzavior Lancaster ("Plaintiff"), by and through his attorneys of record, hereby complains of Trican Well Service LP and TriLib Management, LLC (hereinafter collectively referred to as "Defendants" and/or "Trican") for causes of action and respectfully shows this Court the following:

### 1   INTRODUCTION

1.1   This suit is brought under 42 U.S.C. §1981 for race discrimination, hostile work environment and race discrimination retaliation. Furthermore, Plaintiff brings suit under the Texas Worker's Compensation Act ("TWCA") for workers' compensation retaliation.

1.2   Plaintiff has established a prima facie case of racial discrimination: 1) he is a member of a racial minority – African American; 2) Trican intentionally discriminated against him and created a hostile work environment because of his race; and 3) the discrimination directly affected Plaintiff's employment

relationship with, and the work environment at Trican. Trican also retaliated against Plaintiff for complaining of racial discrimination.

1.3 As a result, Plaintiff now brings this lawsuit pursuant to 42 U.S.C. §1981 and seeks equitable relief, actual damages, compensatory damages, consequential damages, pecuniary damages, expert witness fees, court costs, attorney's fees, pre-judgment and post-judgment interest, as well as any other damages to which Plaintiff may show himself justly entitled.[1]

1.4 Furthermore, Plaintiff was terminated from his position of employment with Defendants because he took steps to collect worker's compensation benefits under the TWCA. Defendants' actions are in violation of the Texas Labor Code §451.001 *et. seq.*

## 2 SUBJECT MATTER JURISDICTION AND VENUE

2.1 This Court has jurisdiction over the subject matter of this action under 42 U.S.C. §1981 and 28 U.S.C. §1331. Furthermore, this Court has supplemental jurisdiction over nonfederal claims under 28 U.S.C. § 1367.

2.2 Venue is proper in the Southern District of Texas, Houston Division because a substantial part of the acts and conduct charged herein occurred in this district, the Plaintiff is a resident of this district and this district is the location of Defendants' Corporate office.

## 3 THE PARTIES & PERSONAL JURISDICTION

3.1 Plaintiff is a resident of Harris County, Texas.

---

[1] Plaintiff has also filed a Charge of Discrimination with the EEOC regarding his claims for racial discrimination and retaliation under Title VII. Plaintiff reserves the right to pursue those claims.

3.2    Defendant Trican Well Service LP is a Delaware limited partnership duly licensed to conduct business in the State of Texas for a profit and does so from its location at 5825 N. Sam Houston Pkwy West Street, Suite 600, Houston, Texas from which it employed Plaintiff. Defendant can be served through its registered agent as follows: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 600, Houston, Texas.

3.3    Defendant TriLib Management, LLC is a Delaware limited liability company duly licensed to conduct business in the State of Texas for a profit and does so from its location at 5825 N. Sam Houston Pkwy West Street, Suite 600, Houston, Texas from which it employed Plaintiff. Defendant can be served through its registered agent as follows: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 600, Houston, Texas.

3.4    Trican Well Service LP and TriLib Management, LLC ("Trican") have sufficient minimum contacts with the State of Texas to confer personal jurisdiction upon it by this Court. Trican conducted its business from its Harris County, Texas location as described above. Furthermore, Trican recruited, contracted with, and employed Harris County, Texas residents, like the Plaintiff, to conduct its business throughout Texas. Finally, Harris County, Texas is where a substantial portion of the events or omissions giving rise to the claims in this action occurred.

3.5 At all material times, Defendants have operated as a "single enterprise." That is, Defendants perform related activities through unified operation and common control for a common business purpose. Specifically, Trican Well Service LP and TriLib Management, LLC employed the Plaintiff and other employees at Trican throughout Texas to conduct its business. Defendants formed a partnership with said goal in mind - Trican Well Service LP as the limited partner and TriLib Management, LLC as the general partner.

## 4 FACTS

4.1 Plaintiff worked for Trican from March 9, 2012 through October 13, 2012 primarily as a cook and occasionally in the transportation department.

4.2 During his employment at Trican, Plaintiff suffered severe race discrimination from coworkers and management targeting him and other African Americans.[2]

4.3 Trican offered raises, new job positions, and advances to its non African American employees.

4.4 For example, Plaintiff was promised a raise on his 90th day of employment by his immediate supervisor, Adam Rust. After his 90th day at Trican, the Plaintiff was not given a raise as promised. He continued to ask Mr. Rust who later stated that Plaintiff's raise would not take place until the six month mark. At the six month mark, Plaintiff received glowing reviews;

---

[2] At this time, Plaintiff files his race discrimination claim as a single Plaintiff action, but pending further discovery of his claims will amend to include class action allegations regarding similar race based discrimination suffered at Trican by other African American employees. In fact, there are no African American leads, supervisors, managers or treaters at Trican – in other words, Trican does not employ any African Americans at its higher paying job positions or in management positions.

4

Case 4:13-cv-01231  Document 1  Filed in TXSD on 04/29/13  Page 5 of 12

however, no raise was given to him. On the other hand, Mr. Rusk (Caucasian), Ray Marquez (Hispanic), "Manny" (Hispanic), and Mark Dodson (Caucasian) all received raises. These individuals were not more qualified than the Plaintiff; the only difference was that they were not African American.

4.5    Plaintiff's job environment at Trican continued to deteriorate. On August 17, 2012, while the Plaintiff was serving food to other Trican employees, a manager and field supervisor "Joey T" asked Plaintiff for chicken instead of what had been prepared. When Plaintiff explained that the menu was set and no chicken was available that day, "Joey T" became upset and taunted Plaintiff by making racially charged innuendos including "I want some chicken and watermelon, boy." Plaintiff complained about "Joey T's" actions, to no avail. Eventually "Joey T" was terminated for an unrelated incident involving drug use on work premises, but he was later reinstated. Soon after the Plaintiff learned of the reinstatement, he complained to Human Resources ("HR") via email regarding the "chicken and watermelon" incident, again to no avail.

4.6    On October 2, 2012, Plaintiff walked to his parked vehicle at Trican to discover that coworkers Kean Orr and Mark Dotson had written the word "Nigger" on his windshield using syrup. Plaintiff was severely upset by this and reported the incident to a Trican field supervisor, "Edward." Plaintiff also complained to another Trican manager, Ken Ford and to Trican HR. Nothing was done.

4.7 Shortly after, on October 6, 2012, Plaintiff continued to experience backlash in retaliation for his complaints. Specifically, Plaintiff received a write-up from "Ronald" for failure to maintain truck logs up to date. Plaintiff was shocked by this as his primary duty was that of a cook, not a truck driver. As such, maintaining truck logs was not his responsibility. It was Mr. Rust's (Caucasian) responsibility to maintain truck logs. Notably, Mr. Rust had failed to do so, but did not receive a write-up from Trican.

4.8 Moreover, Plaintiff's work hours were significantly cut by approximately 50%.[3] As a result, Plaintiff suffered significant monetarily losses due to Trican's retaliation.

4.9 Plaintiff was at a loss because he felt trapped in his situation at Trican. In an attempt to remain with the company, he applied for positions in another department as an e-tech. However, Trican informed Plaintiff that it was not hiring for the position because it had no e-tech positions available. Shortly after, Trican hired three to four e-techs Certified as Cisco Network Associates (CCNA), a certification the Plaintiff possessed. Desperate, Plaintiff approached a Trican mechanic supervisor, Derrick Bunch, asking what he needed to do to move up in the company, to which Mr. Bunch replied "the fastest way to get promoted is to say racist shit." Furthermore, Mr. Bunch told Plaintiff that he would never get a transfer to an e-tech position because

---

[3] Prior to complaining, Plaintiff routinely worked up to 136 hours per week. Soon after Plaintiff began to complain regarding the racial discrimination, Trican scheduled Plaintiff for 60 hours of work. Plaintiff was paid $14.20 per hour.

6

the Plaintiff was "just another nigger in the yard." Plaintiff reported this to his District Manager, Dustin Gandry, and HR, but nothing was ever done.

4.10 Plaintiff's life at Trican continued to get worse. His coworkers and managers continued to harass him regarding his race - daily. For example, one morning during breakfast, a Safety Manager "Scott" (Caucasian) instructed another employee to ask Plaintiff his accent was "African" or "African American."

4.11 The work environment and racial discrimination and harassment eventually hit a boiling-over point on October 12, 2012. While driving a company vehicle, Plaintiff was involved in an accident. Plaintiff was injured as a result of the accident, and felt his body become numb and his hand (thumb) had throbbing pain. Plaintiff called "Beverly" at dispatch for help, who then sent "Randy" to the scene of the accident. Plaintiff explained to Randy that his body was numb and his hand was hurt. "Scott," was also told of the accident, then called Plaintiff to tell him not to worry and that he would take him to a hospital. That was not the case, however, as "Scott" never showed to the accident scene.

4.12 The pain continuing to get worse, Plaintiff called to speak to "Randy" and stated that he needed to go to the hospital. "Randy" responded that if Plaintiff left to go to the hospital he would be fired from Trican. Hours went by and Plaintiff could no longer endure the pain, so he went to the hospital after the other individuals at the accident scene offered to give him a ride. Eventually, Trican's District Manager, Dustin Guidry, called Plaintiff and stated that he would pick him up from the hospital, but as before, that was

7

not the case. Plaintiff waited at the hospital until midnight for a ride back home, which never came.

4.13 The next day when the Plaintiff called dispatch to explain that he had a doctor's note, he was informed that he was terminated from work at Trican.

4.14 The reason for termination cited above by Trican was pretext. The facts above show a clear disregard for the welfare of its African American employees, including the Plaintiff. As such, Plaintiff now brings this lawsuit pursuant to 42 U.S.C. §1981 and the Texas Worker's Compensation Act.

## 5 CAUSE OF ACTION: RACE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

5.1 Plaintiff incorporates by reference all facts as set forth in the preceding paragraphs.

5.2 Plaintiff satisfies the following elements of his claim: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of was severe and pervasive, and affected a term condition or privilege of employment; and, to the extent necessary since much of the harassment occurred at the hands of management, and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

5.3 As a result, Plaintiff now brings this lawsuit pursuant to 42 U.S.C. §1981.

8

## 6 CAUSE OF ACTION: RACE DISCRIMINATION RETALIATION

6.1 Plaintiff incorporates by reference all facts as set forth in the preceding paragraphs.

6.2 Plaintiff complained to management at Trican regarding racial discrimination, a protected activity.

6.3 Trican retaliated against the Plaintiff when in response to his complaints reprimanded him for pretextual reasons, reduced his pay, reduced his hours and eventually terminated him.

6.4 As a result, Plaintiff now brings a claim for retaliation.

## 7 WORKERS' COMPENSATION RETALIATION CLAIM
## CHAPTER 451 OF THE TEXAS LABOR CODE

7.1 Plaintiff incorporates by reference the above plead facts and allegations.

7.2 Defendants retaliated against Plaintiff in violation of Texas Labor Code § 451 when Plaintiff was terminated for notifying Defendant of his on-the-job injury and when Defendants instructed the Plaintiff not to seek medical attention to and notify its worker's compensation insurance coverage provider of Plaintiff's on the job injury to conceal the injury and deny Plaintiff benefits under Workers' Compensation.

7.3 Chapter 451 of the Texas Labor Code prohibits employers from discharging or otherwise discriminating against an employee because he in good faith filed a workers' compensation claim, hired an attorney to represent him in connection with a claim, instituted or caused to be instituted a proceeding

  under workers' compensation, or testified or will testify in any such proceeding.

7.4 Consequently, Defendants' actions are in violation of Chapter 451 of the Texas Labor Code.

## 8  JURY DEMAND

8.1 Plaintiff hereby makes a request for a jury trial.

## 9  PRAYER

9.1 Plaintiff respectfully prays for the following relief:

 9.1.1 Judgment against Defendants for actual damages sustained by Plaintiff as alleged herein;

 9.1.2 Consequential damages;

 9.1.3 Past and future lost wages;

 9.1.4 Past and future emotional damages;

 9.1.5 Liquidated damages, to the extent permitted at law;

 9.1.6 Punitive damages, to the extent permitted at law;

 9.1.7 Pain and Mental Anguish;

 9.1.8 Pre-judgment interest at the highest legal rate;

 9.1.9 Post-judgment interest at the highest legal rate until paid;

 9.1.10 All recoverable costs and expenses;

 9.1.11 Attorney's fees;

 9.1.12 Such other and further relief, at law or in equity, general or special to which Plaintiff may show himself justly entitled;

 9.1.13 Plaintiff also seeks injunctive relief preventing future discrimination against African American employees at Trican.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN, LLP

Todd Slobin
State Bar No. 24002953
Federal ID No. 22701
tslobin@eeoc.net
Ricardo J. Prieto
Texas Bar No. 24062947
Federal ID No. 1001658
rprieto@eeoc.net
11 Greenway, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)
ATTORNEYS FOR PLAINTIFF

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
XZAVIOR LANCASTER

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Todd Slobin, Shellist Lazarz Slobin, LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046 (713) 621-2277

## DEFENDANTS
TRICAN WELL SERVICE LP AND,
TRILIB MANAGEMENT, LLC

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1981 and Texas Worker's Compensation Act Chapter 451 of Texas Labor Code

Brief description of cause:
Race Discrimination and Worker's Compensation Retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 4-29-13   SIGNATURE OF ATTORNEY OF RECORD /s/

**FOR OFFICE USE ONLY**
RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____