IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XZAVIOR LANCASTER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIV. ACTION NO.: 13-1231 |
| | § | |
| TRICAN WELL SERVICE, LP and, | § | |
| TRILIB MANAGEMENT, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Trican Well Service, LP ("Trican") and Trilib Management, LLC ("Trilib") (collectively "Defendants") admit or deny the allegations in Plaintiff Xzavior Lancaster's First Amended Complaint and Jury Demand ("Complaint"), as follows:

### I.   RESPONSE TO PLAINTIFF'S ALLEGATIONS

#### 1.   INTRODUCTION

1.1.   Defendants admit that Plaintiff brings this suit under 42 U.S.C. § 1981. Defendants deny that Plaintiff is entitled to any relief or that they are liable to Plaintiff in any way.

1.2.   Defendants admit that Plaintiff also brings this suit under 42 U.S.C. § 2000e-2(a)(1). Defendants deny that Plaintiff is entitled to any relief or that they are liable to Plaintiff in any way.

1.3.   Defendants admit that Plaintiff also brings this suit under the Texas Worker's Compensation Act. Defendants deny that Plaintiff is entitled to any relief or that they are liable to Plaintiff in any way.

1.4.    Paragraph 1.4 contains legal assertions and conclusions that do not require a response. To the extent Paragraph 1.4 is considered to contain factual allegations, Defendants deny it.

1.5.    Defendants admit that Plaintiff brings this lawsuit under 42 U.S.C. § 1981and Title VII. Defendants deny all remaining allegations in Paragraph 1.5 and deny that Plaintiff is entitled to any relief or that they are liable to Plaintiff in any way.

1.6.    Paragraph 1.6 contains legal assertions and conclusions that do not require a response. To the extent Paragraph 1.6 is considered to contain factual allegations, Defendants deny it.

## 2.   SUBJECT MATTER JURISDICTION AND VENUE

2.1.    Paragraph 2.1 contains legal assertions and conclusions that do not require a response. To the extent Paragraph 2.1 is considered to contain factual allegations, Defendants admit only that this court has jurisdiction over Plaintiffs claims. Defendants deny that Plaintiff's claims are meritorious and deny that Plaintiff is entitled to any relief. Defendants deny all remaining allegations in Paragraph 2.1.

2.2.    Paragraph 2.2 contains legal assertions and conclusions that do not require a response. To the extent Paragraph 2.2 is considered to contain factual allegations, Defendants admit only that venue is proper in the Southern District of Texas, Houston Division. Defendants deny all other allegations in Paragraph 2.2.

## 3.   THE PARTIES & PERSONAL JURISDICTION

3.1.    Defendants are without knowledge or information sufficient to admit or deny Paragraph 3.1.    To the extent Paragraph 3.1 requires a response, Defendants deny it.

3.2.    Defendants admit that Trican is a Delaware limited partnership licensed in Texas, admit that Trican has an office at 5825 N. Sam Houston Parkway West, Suite 600, Houston, Texas,

admit that Trican employed Plaintiff, and admit that Trican has made an appearance in this lawsuit. Defendants deny all remaining allegations in Paragraph 3.2.

3.3. Defendants admit that Trilib is a Delaware limited liability company and admit that Trilib has made an appearance in this lawsuit. Defendants deny all remaining allegations in Paragraph 3.3.

3.4. Defendants deny Paragraph 3.4.

3.5. Defendants deny Paragraph 3.5.

## 4. PROCEDURAL REQUISITES

4.1. Paragraph 4.1 contains legal assertions and conclusions that do not require a response. To the extent Paragraph 4.1 requires a response, Defendants deny it.

## 5. [ALLEGED] FACTS

5.1. Defendants admit only that Trican employed Plaintiff as a cook from March 9, 2012, until December 20, 2012. Defendants deny all remaining allegations in Paragraph 5.1.

5.2. Defendants deny Paragraph 5.2.

5.3. Defendants deny Paragraph 5.3.

5.4. Defendants deny Paragraph 5.4.

5.5. Defendants deny Paragraph 5.5.

5.6. Defendants deny Paragraph 5.6.

5.7. Defendants deny Paragraph 5.7.

5.8. Defendants deny Paragraph 5.8 and deny footnote 1.

5.9. Defendants deny Paragraph 5.9.

5.10. Defendants deny Paragraph 5.10.

5.11. Defendants deny Paragraph 5.11.

5.12. Defendants deny Paragraph 5.12.

5.13. Defendants deny Paragraph 5.13.

5.14. Defendants deny Paragraph 5.14.

## [ALLEGED] CAUSES OF ACTION

### 6. [ALLEGED] RACE DISCRIMINATION & HOSTILE WORK ENVIRONMENT UNDER 42 U.S.C. § 1981 AND TITLE VII

6.1. Defendants admit or deny the factual allegations incorporated by reference in Paragraph 6.1 as specifically set forth in each paragraph, including footnote 1, above.

6.2. Paragraph 6.2 contains legal assertions and conclusions that do not require a response. To the extent Paragraph 6.2 is considered to contain factual allegations, Defendants deny it.

6.3. Defendants admit that Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1981 and Title VII. Defendants deny that Plaintiff's claims are meritorious, deny that they are liable to Plaintiff in any way, and deny that Plaintiff is entitled to any relief.

### 7. [ALLEGED] RACE DISCRIMINATION RETALIATION UNDER 42 U.S.C. § 1981 AND TITLE VII

7.1. Defendants admit or deny the factual allegations incorporated by reference in Paragraph 7.1 as specifically set forth in each paragraph, including footnote 1, above.

7.2. The allegations contained in Paragraph 7.2 are vague. To the extent Paragraph 7.2 requires a response, Defendants deny it.

7.3. Defendants deny Paragraph 7.3.

7.4. Defendants admit that Plaintiff brings a claim for retaliation. Defendants deny that Plaintiff's claim is meritorious, deny that they are liable to Plaintiff in anyway, and deny that Plaintiff is entitled to any relief.

### 8.  [ALLEGED] WORKER'S COMPENSATION RETALIATION CLAIM
### CHAPTER 451 OF THE TEXAS LABOR CODE

8.1.    Defendants admit or deny the factual allegations incorporated by reference in Paragraph 8.1 as specifically set forth in each paragraph, including footnote 1, above.

8.2.    Defendants deny Paragraph 8.2.

8.3.    Paragraph 8.3 contains legal assertions and conclusions that do not require a response. To the extent Paragraph 8.3 is considered to contain factual allegations, Defendants deny it.

8.4.    Defendants deny Paragraph 8.4.

### 9.  JURY DEMAND

9.1.    Plaintiff's demand for a trial by jury requires no response.

### 10.  PRAYER

10.1.   Defendants deny that Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer, including subparagraphs 10.1.1 through 10.1.13.

### II.  **DEFENSES**

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendants plead the following defenses:

1.    Plaintiff's Complaint should be dismissed in whole or in part for failing to state a claim upon which relief can be granted.

2.    Trilib was not Plaintiff's employer.

3.    Plaintiff's claims are barred in whole or in part for failure to exhaust administrative remedies.

4.    To the extent Plaintiff's Title VII allegations exceed the reasonable scope and investigation of the underlying Equal Opportunity Commission Charge of Discrimination, they are barred.

5.	Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

6.	Any alleged damages allegedly suffered by Plaintiff were caused and/or were solely caused by his own conduct and/or by third parties.

7.	Plaintiff was at all times pertinent to this lawsuit employed at will.

8.	Without conceding that Plaintiff has suffered any damages, or that he is entitled any damages, Defendants assert that Plaintiff failed to mitigate any alleged damages.

9.	Without conceding that Plaintiff has suffered any damages, or that he is entitled to any damages, Defendants assert that they are entitled offset and credit against any alleged damages claimed by Plaintiff.

10.	Plaintiff's claims and alleged damages, if any, are barred by the doctrine of estoppel, unclean hands, and/or after-acquired evidence.

11.	All employment decisions regarding or affecting Plaintiff were based on legitimate, nondiscriminatory, and reasonable business reasons that were in no way related to Plaintiff's race or in retaliation for allegedly having exercised any right under the law. All of Trican's actions regarding Plaintiff were taken in good faith. Moreover, Trican would have taken the same actions at the same times in the absence of any alleged impermissible factor.

12.	If any improper, illegal, or discriminatory act was taken by any of Trican's employees against Plaintiff, it was outside the course and scope of the employee's employment, contrary to Trican's policies, was not ratified, confirmed or approved by Trican. Thus, any such actions cannot be attributed or imputed to Defendants.

13.	Any improper, illegal, or discriminatory actions by any of Trican's employees were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Trican and thus cannot be attributed or imputed to Defendants.

14. Trican has in place a clear and well-disseminated policy against discrimination and harassment, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Plaintiff's claims are barred because (1) Trican took reasonable steps to prevent and correct workplace discrimination and harassment; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Trican provided; and (3) reasonable use of Trican's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

15. Alternatively, Trican took prompt and effective remedial action to address any complaints made by Plaintiff.

16. Plaintiff's lawsuit is frivolous, without foundation, vexatious, and/or brought in bad faith.

17. Defendants did not commit any act with malice or reckless indifference to Plaintiff's legally protected rights, nor did Defendants offer, approve, authorize, ratify, or have actual knowledge of any such acts.

18. Plaintiff is not entitled to punitive damages. At all times, Trican acted in good faith and had reasonable grounds for believing its conduct was not in violation of the law.

19. Defendants deny that Plaintiff is entitled to judgment or the relief sought in this action or that Defendants are liable for any compensatory damages, attorney's fees, expert witness fees, costs and any of the relief for which Plaintiff claims to be entitled.

Defendants specifically reserve the right to assert additional defenses, claims, counterclaims, cross-claims, and/or causes of action that may become appropriate based upon investigation or other discovery that may occur during the course of litigation.

### III. DEFENDANTS' PRAYER

Defendants Trican Well Service, LP and Trilib Management, LLC respectfully request that Plaintiff's Complaint be dismissed; that Plaintiff take nothing against Defendants; that Defendants be awarded their damages and reasonable attorneys' fees and court costs, and for any other relief to which they may be entitled.

>Respectfully submitted,
>**OGLETREE, DEAKINS, NASH,**
>**SMOAK & STEWART, P.C.**
>
>*/s/ Carolyn Russell*
>Carolyn Russell
>Texas SBN:  24003913
>One Allen Center
>500 Dallas Street, Suite 3000
>Houston, TX  77002
>(713) 655-0855 (phone)
>(713) 655-0020 (fax)
>carolyn.russell@ogletreedeakins.com
>
>**ATTORNEY-IN-CHARGE**
>**FOR DEFENDANTS**

**OF COUNSEL FOR DEFENDANTS:**

Stephen J. Quezada
Texas SBN: 24076195
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002
(713) 655-0855 (phone)
(713) 655-0020 (fax)
stephen.quezada@ogletreedeakins.com

**CERTIFFICATE OF SERVICE**

      I hereby certify that on June 12, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and provided service of the same on all counsel of record:

**Shellist, Lazarz, Slobin, LLP**

Todd Slobin
SBOT: 24002953
tslobin@eeoc.net
Ricardo J. Prieto
SBOT: 24062947
rprieto@eeoc.net
11 Greenway, Suite 1515
Houston, Texas 77046
713.621.2277 (Phone)
713.621.0993 (Fax)

**ATTORNEYS FOR PLAINTIFF**

                                                  */s/ Carolyn Russell*
                                                  Carolyn Russell