IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XZAVIOR LANCASTER, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO. 4:13-CV-01231 |
| | § § | |
| TRICAN WELL SERVICE LP and, | § | |
| TRILIB MANAGEMENT, LLC. | § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS

Xzavior Lancaster ("Plaintiff") files this Motion to Compel Defendants to cover travel costs associated with rescheduling Plaintiff's deposition, in light of Defendants' attempts to "ambush" Plaintiff at his first deposition. Plaintiff supports his request as follows:

I.

On April 29, 2013, Plaintiff filed suit under 42 U.S.C. § 1981 and Title VII for race discrimination, hostile work environment and race discrimination retaliation. In addition, Plaintiff filed suit under the Texas Worker's Compensation Act for workers' compensation retaliation. *See* Doc. No. 1. Defendants noticed Plaintiff's deposition to take place on July 2, 2014. *See* Exhibit A. In conjunction, Plaintiff noticed the deposition of Defendants' Human Resources representative Casey Roberson to take place on July 8, 2014. *See* Exhibit B.

The evening before Plaintiff's deposition, Defendants sent over a CD containing nearly 1,000 documents. In fact, the CD was not delivered until the late afternoon of July 1, 2014 by certified mail, return receipt requested. Defendants waited until the night before Plaintiff's deposition to deliver nearly 1000 documents even though they knew well in advance of these documents and had them in their possession. *See* Exhibit C. The morning of the deposition, Plaintiff's counsel explained to Defense counsel that its "ambush" tactic was inappropriate and had prejudiced his ability to prepare for deposition. Further, Plaintiff's counsel explained that his office had finished printing the documents that morning and he had not had a chance to review the documents, let alone discuss them with his client. Plaintiff requested from Defense counsel some time prior to the deposition, or during a break in the deposition to review the late production of nearly 1,000 documents. Defense counsel objected, alleging Plaintiff somehow already knew what these 1,000 documents covered, even though the documents referred to occurrences from more than 10 years ago. *See* Exhibit D. In an attempt to continue the deposition of Plaintiff that day, Plaintiff's counsel proposed two options: (1) to avoid asking questions concerning the late produced documents and take up the issue with the Court, or to do the more sensible thing, (2) allow Plaintiff a little time to prepare either before the deposition or after a lunch break based on a subset of the documents which Defendant expected to enter as exhibits during Plaintiff's deposition. *See* Exhibit E.

It was not until Plaintiff's counsel said that calling the Court for guidance was necessary that Defense counsel then offered to come back the following day for

Plaintiff's deposition.  However, Plaintiff had taken the day off from work and had traveled approximately 17 hours roundtrip to appear for his deposition – Plaintiff currently resides in West Texas, not Houston.  As such, Plaintiff could not take the following day off or come back later for deposition as that would cause him a significant financial burden.   Unable to reach an agreement, counsel for parties entered into the record the above circumstances and objections and terminated the deposition:

> MS. RUSSELL: All right.  It is now 10:35 in the morning. The deposition was noticed for 10:00.  Counsel for plaintiff will not go forward unless I indicate or advise him what exhibits I'm going to use in my deposition.  That's not workable.  I have made myself available to take plaintiff's deposition tomorrow, July 3, 2014, or Tuesday, July – what date is that?
>
> MR. PRIETO: That would be the 9th, I think.
>
> MS. RUSSELL:  Ninth, 2014, or another day that will work for his client.
>
> MR. PRIETO:  We have – we were – last night we received document production from defendants totaling somewhere between 800 to a thousand pages.  We received that in the evening.  Counsel for the plaintiff and the plaintiff himself have not had time to review those documents.
>
> We have – the plaintiff is unable to present himself for deposition tomorrow.  He drove in from West Texas, and he's unable to take any more days off from work.
>
> We've given defense counsel two options: One, that she indicate which documents she plans to use so that we can prepare those, review those documents during a lunch break, for example, and then follow up with any questions this afternoon; or, two, that she not ask any questions concerning these documents that were just recently produced and that we take that up with the Court.

3

> Defense counsel has indicated that they're unwilling to tell us which documents they plan to use out of these thousand documents produced yesterday and therefore we're unable to prepare.
>
> MS. RUSSELL: Counsel for plaintiff also directed me to go off the record and allow him time to review the documents after I'd asked questions about him—about them, which is also an unworkable situation.
>
> MR. PRIETO: Okay.
>
> MS. RUSSELL: So we will work to resolve this matter and cooperate going forward and finish the depositions in this case in a timely fashion.
>
> MR. PRIETO: That's always been our intention.
>
> MS. RUSSELL: Thank you.

*See* Exhibit F, 6:10 – 8:3. At no time was a CNA taken, as Plaintiff appeared for his deposition.[1]

The following day, in light of Defense counsel's actions, Plaintiff's counsel requested that Defendants pay for Plaintiff's travel expenses, including hotel, gas, and mileage as a result of having to return to Houston for deposition a second time. This request triggered multiple unprofessional attacks from Defense counsel, and its denial to produce Casey Roberson for deposition the following week. *See* Exhibit G ("...you were engaged in a creative writing exercise," "...do not show up – or as with the last bad case your firm had with us – dump it on Rick...").

## II.

Plaintiff respectfully requests that the Court grant his motion to compel Defendants to reimburse him for his travel expenses he is now forced to incur a

---

[1] *See* Exhibit D – Defense counsel claims she took a Certificate of Non-Appearance.

second time, needlessly, for the reasons cited above and in supporting Exhibits A through G. Plaintiff requests that this Court compel Defendants to reimburse Plaintiff for said expenses as agreed between the parties, or if no agreement regarding expenses can be reached, ten (10) days post-order as submitted by Plaintiff to this Court for approval. Plaintiff respectfully requests any other relief he may be entitled to in law or in equity.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN, LLP

/s/ Todd Slobin
Todd Slobin
State Bar No. 24002953
Federal ID No. 22701
tslobin@eeoc.net
Ricardo J. Prieto
Texas Bar No. 24062947
Federal ID No. 1001658
rprieto@eeoc.net
11 Greenway, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

The undersigned attorney certifies that counsel for the parties have discussed the above discovery dispute in an attempt for out-of-court resolution, but were unable to do so.  *See* Exhibit G.

/s/ *Ricardo Prieto*
Ricardo J. Prieto

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of this instrument was served on all counsel of record through the Texas Southern District Houston Division's electronic filing system on August 19, 2014.

/s/ *Ricardo Prieto*
Ricardo J. Prieto